**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| SAMUEL RONAN and ANA CORDERO, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **No. 26-3272** |
| ) | |
| FRANK LAROSE, in his official capacity ) | |
| as Secretary of State of Ohio, and ) | |
| DOUGLAS J. PREISSE, MEREDITH ) | |
| FREEDHOFF, JAMIE L. SHUMAKER, ) | |
| and MICHAEL E. SEXTON, in their ) | |
| official capacities as members of the ) | |
| Franklin County Board of Elections, ) | |
| ) | |
| Appellees. ) | |

**APPELLANTS' RESPONSE TO APPELLEES'
MOTION TO DISMISS BASED ON MOOTNESS**

Appellants (hereinafter "Ronan") agree with Appellees' motion, *see* Doc. No. 24 (filed May 28, 2026), that this emergency interlocutory appeal has been rendered moot by the conclusion of the May 5, 2026 primary election. As Appellees argue, the en banc decision in *Brown v. Yost*, 122 F.4th 597, 599 (6th Cir. 2024) (en banc), cannot be meaningfully distinguished. Ronan therefore does not oppose Appellees' Motion to Dismiss. Additionally, as explained below, Supreme Court and Sixth Circuit precedent, including *Brown v. Yost* (which Appellees correctly rely upon as

1

controlling here), make clear that under the present circumstances should the appeal be dismissed based on mootness vacatur of the Orders appealed from is also required.

Ronan's motion for preliminary relief in the District Court sought only "to restore Plaintiff-Ronan to Ohio's Republican May 5, 2026 primary ballot for Ohio's 15th congressional district in time for his votes to be cast and counted." Motion, RE 2, at PageID# 49. Following the District Court's denial of preliminary relief (and dissolution of the temporary restraining order), Ronan sought in this Court an "injunction pending their appeal from the District Court's April 2, 2026 Order denying Appellants' Motion for Temporary Restraining Order and Preliminary Injunction," Motion, Doc.10 at Page 1, along with "emergency relief from this Court," *id*. at Page 2, that "[s]pecifically, … [grants] an immediate administrative stay of the District Court's April 2, 2026 order and expedited briefing on the instant motion." *Id*. This emergency relief was not granted.

Following this Court's and the Supreme Court's denial of emergency relief, early voting proceeded in Ohio without Ronan being recognized as an official candidate. The election was concluded on May 5, 2026 without any votes being counted for Ronan. Because the emergency relief being sought by Ronan in this interlocutory appeal can no longer be granted and the election has been concluded, this emergency interlocutory appeal is moot.

A court's subject matter jurisdiction must be determined before a case's merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). Mootness goes to a Court's subject matter jurisdiction. Here, the emergency interlocutory appeal is moot. Because the Court now accordingly lacks subject matter jurisdiction, the appeal must be dismissed and the appealed lower court order denying emergency relief must be vacated.

As Appellees explain, this Court's en banc decision in *Brown v. Yost*, 122 F.4th at 599, provides the governing rule. The en banc Court there addressed "whether a request for a preliminary injunction focused on the 2024 election— arising from a challenge to Ohio's process for placing constitutional initiatives on the ballot—is moot." "It is," the Court stated, because "[t]he targeted election has come and gone …." *Id*.

The *Yost* Court explained that "[a]n appeal becomes moot if intervening events occur that make it 'impossible' for the relevant federal court to grant any 'effectual relief.'" *Id*. at 601 (citation omitted). "In gauging the potential mootness of an appeal," it added, "we must focus on the request for relief in front of us. That explains why a preliminary injunction may become moot on appeal even as the underlying controversy and the request for a permanent injunction remain live." *Id*. (citation omitted). "To that end, we have consistently distinguished 'between

mootness as to a preliminary-injunction appeal and mootness as to the case as a whole.'" *Id*. (citation omitted).

Whether an emergency appeal from a denial of preliminary injunctive relief has become moot turns on the relief sought by the appellant. "Just as a claimant is the master of her complaint, [the claimant] is the master of her requests for interim relief—whether for a preliminary injunction or a temporary restraining order." *Id*. Because the movant there "unmistakably trained her request for immediate relief on the upcoming election," *id*., and focused her emergency interlocutory appeal on winning timely relief for only that election, *id*., the passing of the election rendered her requested relief "stale" and moot. *Id*. at 602. "Ordering Yost to certify that summary now will not give Brown the relief she seeks because the window to appear on the 2024 ballot has closed." *Id*. The en banc Court further explained that "Without power to rewind the clock, we cannot give Brown the relief she sought in her preliminary injunction. Given the 'nature of the relief sought,' the matter is 'moot because the ... election is over.'" *Id*. (citation omitted).

The Court noted that its dismissal of the emergency appeal did not mean that "the *underlying lawsuit* is … moot." *Id*. "Hence the passing of the November 2024 election does not undercut the live nature of the dispute pending in the district court. But it does mean that Brown has passed the use-by date of her interim request for relief." *Id*. (citation omitted).

The present case fits the *Brown v. Yost* mode completely. Ronan sought emergency relief in the District Court for one and only one election. He sought that same relief here on interlocutory appeal. He failed. Now that the election is over, there is nothing this Court can do to afford him relief. His emergency interlocutory appeal is moot and must be dismissed for lack of subject matter jurisdiction.

When a case on appeal becomes moot "[t]he established practice ... in the federal system ... is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). This is equally true of interlocutory decisions and orders. *See, e.g.*, *Mayorkas* v. *Innovation Law Lab*, 141 S. Ct. 2842 (2021) (issuing *Munsingwear* vacatur in a case where after a preliminary injunction against the Government was imposed and the appellate court affirmed the emergency appeal became moot).

Under *Munsingwear*, the District Court's order thus must be vacated. "Vacatur <u>must</u> be decreed for those judgments whose review is, in the words of *Munsingwear,* 'prevented through happenstance' — that is to say, where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.'" *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994) (emphasis added) (quoting *Karcher v. May,* 484 U.S. 72, 82, 83 (1987)). *See also Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) ("When happenstance prevents that review from occurring, the normal rule should

apply: Vacatur then rightly 'strips the decision below of its binding effect,' and 'clears the path for future relitigation.'"); *Camreta v. Greene*, 563 U.S. 692, 713 (2011); *Trump v. Citizens for Responsibility and Ethics in Washington*, 141 S. Ct. 1262 (2021); *Slatery v. Adams & Boyle, PC*, 141 S. Ct. 1262 (2021).

This Court twice reiterated this requirement in en banc decisions. In *Stewart v. Blackwell*, 473 F.3d 692, 693 (6th Cir. 2007) (en banc), the Court stated that "[w]hen a civil case becomes moot pending appellate adjudication, 'the established practice ... in the federal system ... is to reverse or vacate the judgment below and remand with a direction to dismiss.'" (Citations omitted). As between the two, reversal and vacatur, "[v]acatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties—or ... the 'unilateral action of the party who prevailed in the lower court.'" *Id.* (citations omitted). "In other words, vacatur is generally appropriate to avoid entrenching a decision rendered unreviewable through no fault of the losing party." *Id*.

*Brown v. Yost*, 122 F.4th at 603, applied these principles to vacate the lower court's denial of preliminary relief once the election had passed. As explained above, the en banc Sixth Circuit Court dismissed the interlocutory appeal based on mootness and vacated the lower court's denial of preliminary relief: "[b]ecause Brown did not have an opportunity to obtain appellate review of the district court's

decision denying her request for preliminary relief, we vacate that decision." (Citing *Munsingwear*).

The Sixth Circuit has routinely followed this practice in election cases. *See*, *e.g.*, *Thompson v. DeWine*, 7 F.4th 521, 526-27 (6th Cir. 2021); *Stein v. LaRose*, No. 24-3923, Doc. 24-2 (6th Cir., Dec. 3, 2024) (dismissing interlocutory appeal as moot following election and vacating lower court decision denying relief). This case is no different. Just as in those cases, should the Court conclude that this emergency interlocutory appeal is now moot because of the conclusion of the election (and dismissal therefore in order), vacatur of the lower court's disposition (along with remand) is also required. While Ronan accordingly agrees with Appellees that the emergency appeal is moot (though not the underlying case, which remains alive under *Brown v. Yost*), Ronan respectfully moves the Court to vacate the Orders appealed from should it dismiss the emergency interlocutory appeal on jurisdictional grounds.

Given this Court's prior denial (*see* Order, Doc. No. 22-2 (6th Cir., April 21, 2026)) of Ronan's Suggestion of Mootness, *see* Suggestion, Doc. No. 21 (April 17, 2026), Ronan understands that a fuller development of the facts and law in this matter could be useful to the Court's assessment of the jurisdictional question as well as the case's merits. Ronan accordingly appreciates that dismissal may not be warranted at this stage in the proceedings. As Ronan is prepared to explain in its

merits Brief, which is due on June 8, 2026, this case presents serious constitutional transgressions that threaten the integrity of Ohio's elections moving forward. Ronan's candidacy was terminated by election officials in Ohio in violation of not only Ohio law, but also the federal Elections Clause and the First and Fourteenth Amendments. No other primary candidate in Ohio has <u>ever</u> suffered Ronan's fate. Ronan thus welcomes the opportunity to fully address these matters through a robust briefing of the merits.

### <u>Conclusion</u>

Ronan agrees with Appellees that the emergency interlocutory appeal is moot. Ronan also understands that full briefing could prove useful to development of the case, both jurisdictionally and on the merits. Should the Court choose to dismiss the case without full briefing, Ronan respectfully moves that the District Court's Orders denying emergency preliminary relief here being appealed be vacated and the matter remanded for further proceedings.

Respectfully submitted,

*s/Mark R. Brown*
Mark R. Brown
*Counsel of Record*
Newton D. Baker/Baker & Hostetler Chair
CAPITAL UNIVERSITY*
303 East Broad Street
Columbus, Ohio 43215
614.236.6590
mbrown@law.capital.edu

8

Oliver Hall
Legal Counsel
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, DC 20009
202.248.9294
oliverhall@competitivedemocracy.org
Counsel for Plaintiffs-Appellants

\* For purpose of identification only

## CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, that this Response complies with the type-volume requirements and contains 1677 words. *See* Fed. R. App. P. 27(d)(2)(A).

/s/ *Mark R. Brown*_____

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically which will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

/s/ *Mark R. Brown*_____